**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDISON S. DICION, | No. 14-17428 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00252-JMS-KSC |
| v. | |
| MANN MORTGAGE, LLC, | MEMORANDUM* |
| Defendant, | |
| and | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted October 13, 2017**
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Edison S. Dicion appeals from the district court's dismissal of his claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Because the parties are familiar with the facts, we do not recite them here. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we affirm.

Dicion invokes diversity jurisdiction for his quiet title claim. Diversity jurisdiction requires that Dicion establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the *object of the litigation.*" *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (emphasis added) (citations omitted). Dicion claims the amount in controversy in this declaratory judgment action is measured by the equity he has lost in the property or by the value of the property. Dicion's "quiet title" claim is not a true quiet title claim, so neither the lost equity in nor the value of the subject property is the object of the litigation. *See Fed. Nat'l Mortg. Ass'n v. Kamakau*, No. CIV. 11-00475 JMS, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012) ("[I]n order to assert a claim for 'quiet title' against a mortgagee, a borrower must allege he has paid, or is able to tender, the amount of indebtedness."); *see also Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1261 n.4 (D. Haw. 2012) ("Plaintiffs' contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'").

2

Dicion does not allege he has paid, or is able to tender, the amount of indebtedness. Nor does he allege he owns his property free and clear of any debt obligations. Dicion also does not allege that he is facing foreclosure or has received competing demands for payment on the same loan. Thus, the district court correctly found the object of the litigation to be the value of relieving Dicion's uncertainty as to whom to send his mortgage payments. Such relief "appear[s] to be intangible, speculative, and lack[s] the capability of being translated into monetary value." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (per curiam) (citations omitted). Even if Dicion's subjective relief could be translated into monetary value, he has not even attempted to provide monetary estimates. The district court properly dismissed his "quiet title" claim for lack of subject matter jurisdiction.

Dicion's slander of title claim and certain allegations in support of his Federal Debt Collection Practices Act ("FDCPA") claim rely on a challenge to the validity of the mortgage assignment. Because Dicion lacks standing to challenge the assignment, these arguments fail. Generally, "third parties do not have enforceable contract rights" unless they are intended third party beneficiaries. *Velasco v. Sec. Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061, 1067 (D. Haw. 2011) (quoting *Ass'n of Apartment Owners of Newtown Meadows v. Venture 15, Inc.*, 167 P.3d 225, 262 (Haw. 2007)), *aff'd*, 508 F. App'x 679 (9th Cir. 2013). As such,

3

"borrowers generally lack standing to challenge the assignments of their loans."

*Paik-Apau v. Deutsche Bank Nat. Tr. Co.*, No. CIV. 10-00699 SOM, 2012 WL

5207495, at *4 (D. Haw. Oct. 19, 2012). An exception applies when a challenge

would make an assignment void, not voidable. *Id.*; *U.S. Bank Nat'l Ass'n v.*

*Salvacion*, 338 P.3d 1185, 1190 (Haw. Ct. App. 2014).

We reject Dicion's argument that, even though he is not a party to nor

beneficiary of the assignment, he nevertheless has standing because the assignment

of his mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") to

Bank of America is void, not voidable. Dicion's argument is based on allegations

that the person who executed the assignment, as both a representative of MERS

and an employee of Bank of America, lacked the authority to do so. A challenge

to the validity of an assignment based on the executor's lack of authority would

make the assignment voidable, not void. *See, e.g.*, *Paik-Apau*, 2012 WL 5207495,

at *5 ("Paik–Apau's challenges to the assignments of her loan go to whether those

assignments are voidable, as she argues that persons or entities lacked authority to

assign the loan documents. She lacks standing to make those challenges."); *see*

*also Deutsche Bank Tr. Co. v. Beesley*, No. CIV. 12-00067 SOM, 2012 WL

5383555, at *6 (D. Haw. Oct. 30, 2012) ("Nor do the Beesleys create standing to

contest the validity of the assignments by questioning the power of any person or

entity making the assignments."). Thus, Dicion has no standing to bring his

4

slander of title claim or the portions of his FDCPA claim that rely on a challenge to the validity of the mortgage assignment.

To the extent that portions of Dicion's FDCPA claim do not rely on a challenge to the validity of the assignment, such portions were properly dismissed under Federal Rule of Civil Procedure 12(b)(6). To be liable for a violation of the FDCPA, a defendant must be a "debt collector" within the meaning of the statute. *See* 15 U.S.C. § 1692a(6) (defining "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Soriano v. Wells Fargo Bank, N.A.*, No. CIV. 11-00044 SOM, 2012 WL 1536065, at *6 (D. Haw. Apr. 30, 2012) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) (stating that a creditor is not a debt collector under the FDCPA).

Dicion has provided no basis from which to infer that the defendants are "debt collectors" within the meaning of the FDCPA. As the district court noted,

5

Dicion has not alleged that any of the defendants' principal business is debt collection, or that they are collecting on behalf of others. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (holding that a plaintiff's establishment that debt collection is some of a defendant's business is insufficient to state a FDCPA claim). Nor has Dicion argued that his loan was in default at the time of the assignment, such that creditors, assignees, or loan servicers might be liable under the statute. *See Soriano*, 2012 WL 1536065, at *6.

Even if Dicion adequately alleged that the defendants were "debt collectors," he failed to provide allegations specific to the "deceptive" conduct that violated the FDCPA other than a conclusory recitation of the types of prohibited collection practices from the statute. Therefore, the district court did not err in dismissing Dicion's FDCPA claim on Rule 12(b)(6) grounds.

**AFFIRMED.**